**SOGEVALOR, S.A., Plaintiff,**

v.

**PENN CENTRAL CORP., et al., Defendants.**

No. C–1–90–887.

United States District Court, S.D. Ohio.

June 4, 1991.

James Coogan, Cincinnati, Ohio, Melvyn Weiss, New York City, for plaintiff.

Robert Stachler, James Burke, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon an Order to show cause why this action should not be dismissed for lack of jurisdiction, (Doc. No. 15). In lieu of demonstrating that it sold its shares of Penn Central stock after September 19, 1990 and before the February 19, 1991 amendment of a Penn Central self-tender offer to a price per share of $24, plaintiff Sogevalor S.A. ("Sogevalor") moved to amend its complaint to include an additional plaintiff, Melvyn I. Weiss, also counsel of record for the proposed class.[1] (Doc. No. 16). Weiss alleges in the proposed amended complaint that he sold his Penn Central shares in January, 1991, before the self-tender offer price was amended, thereby meeting the test set forth by this Court as to who may have standing to bring this lawsuit.

Defendants oppose Sogevalor's motion to amend the complaint (Doc. Nos. 17, 18) and plaintiff has replied. (Doc. No. 19). First, defendants urge the Court to dismiss Sogevalor's claim on the grounds that it does not have standing to prosecute this action. Second, assuming Sogevalor's claim is moot, defendants contend that this Court lacks jurisdiction to entertain the motion to amend the complaint: Weiss cannot piggy-back on a defunct claim of a dismissed party. Third, defendants argue that the amendment should be denied because Weiss has an "irreconcilable conflict of interest with the class members he seeks to represent." Penn Central's Memorandum at 2.

Defendants' first and third contentions may be quickly disposed of. Sogevalor does lack standing to maintain this action and accordingly its claims are dismissed with prejudice. Weiss very well may have a conflict of interest if he remains named plaintiff and trial counsel in this case, but that argument is properly raised if and when a certification of a class is sought. Defendants' second argument does raise a troublesome point. Does a plaintiff, stripped of standing to assert a claim against defendants, have standing to amend the complaint to substitute a new plaintiff? The Court of Appeals for the Fifth Circuit, faced with a defunct plaintiff's attempt to amend the complaint to substitute new plaintiffs, a new class and a new cause of action, stated that "under the special circumstances here":

> Since there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint.

*Summit Office Park v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981);[2] *see also Besig v. Dolphin Boating and Swimming Club*, 683 F.2d 1271, 1278 (9th Cir.1982) ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest.")

The Court of Appeals for the Eleventh Circuit in *Delta Coal Program v. Libman*, 743 F.2d 852 (11th Cir.1984), a case involv-

---

1. In Weiss's affidavit attached to Sogevalor's reply memorandum, counsel for plaintiff admits that Sogevalor did not sell its Penn Central shares prior to February 19, 1991.

2. In *Summit*, a decision by the United States Supreme Court left plaintiff without a valid cause of action: "Here the original plaintiff was left with no cause of action upon which it could recover as the result of an intervening Supreme Court decision. There was no way in which the plaintiff could properly amend the complaint to give it a cause of action. Plaintiff had no identity of interest with either the new proposed plaintiffs, or the new class ... or their cause of action." *Id.* at 1282.

14

ing alleged securities fraud, distinguished *Summit* and allowed a limited partnership to substitute individual investors as plaintiffs upon a Fed.R.Civ.P. 17(a) motion:

Its [*Summit's*] holding by its terms extends "only" to instances where a plaintiff who lacks standing to assert a claim attempts to substitute "new plaintiffs, a new class, *and a new cause of action,*" [citation omitted]. Here, by contrast, the operative facts and the cause of action are not changed, but only the formally named plaintiff.

*Delta Coal,* 743 F.2d at 856 n. 6.

This Court is faced with a case distinguishable from both *Summit* and *Delta Coal.* Weiss has no identity of interest with Sogevalor, yet he premises his claim on the same operative facts and cause of action instituted by Sogevalor. Further, the Sixth Circuit does not appear to have addressed this issue. With other circuits apparently split on whether a complaint can be amended to add a new party once a plaintiff's claims become moot, this Court is left to decide which rule to follow. In so doing the Court is mindful of the equities involved in this particular case and the admonitions of Fed.R.Civ.P. 15.

First, Weiss seeks to prosecute the same claims advanced by Sogevalor; essentially, the same cause of action is at stake. Second, if the amendment was denied, Weiss could simply file a new lawsuit, forcing defendants to respond at a later date to the claims presently pending in this Court. Third, judicial economy suggests that this action proceed now without the delay and waste precipitated by a second filing. Fourth, Rule 15 sets forth a liberal standard under which amendments to pleadings are allowed—"leave shall be freely given when justice so requires." Requiring plaintiff Weiss to file a new action upon dismissal of this case would needlessly consume the additional resources of all the parties and of the Court.

In sum, the Court finds that the *Summit* rule should not obtain where a new plaintiff seeks to represent the same class on the same cause of action. *See* Note, *Summit Office Park, Inc. v. United States Steel Corp.: Rule 15(a) and "Standing to Amend",* 69 U.Va. 205 (1983). Accordingly, it is hereby ORDERED that plaintiff's motion for leave to amend the complaint to add Melvyn I. Weiss is well-taken and is hereby GRANTED. Plaintiff Sogevalor fails to show cause why its claims should not be dismissed as moot. It is further ORDERED that plaintiff Sogevalor's claims against defendants are DISMISSED WITH PREJUDICE.

In its previous Order, this Court declined to reach the merits of defendants' motions to dismiss until it was satisfied that it had jurisdiction to adjudicate plaintiff's claims. Those motions are still pending and will be treated as though they were filed against claims brought by Weiss if defendants so move within 15 days of the date of this Order.

IT IS SO ORDERED.